RAMÓN LUIS CARRO UMPIERRE, ETC., Petitioner and Appellee, v. CARLOS R. MATOS, ETC., Respondent and Appellant.

No. 9425. Argued May 9, 1947.—Decided June 16, 1947.

---

*James E. Curry* and *Arnaldo B. Cabrera* for appellant. *Enrique Báez García* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of Mayagüez granted a petition for mandamus in this case and ordered the respondent as Secretary Registrar of the College of Agricultural and Mechanic Arts of the University of Puerto Rico, to register the petitioner as a regular student of said college.[1] The respondent appealed. The facts, briefly set forth, are as follows:

Ramón Luis Carro Umpierre graduated and obtained his high school diploma with a grade index lower than that required by the regulations approved by the extinct Board of Trustees of the University of Puerto Rico, but which is still in force, for the admision of students to said University. Based on this fact the respondent, as Secretary Registrar of

---

[1] A like decision was rendered in appeals Nos. 9426, 9427 and 9445, which shall be disposed of by the same ruling of the present case.

the College of Agricultural and Mechanic Arts, refused to admit the petitioner as a student in said college. Petitioner then filed the present mandamus proceeding which was granted. The lower court summarized the question involved by saying that "The sole question for decision is whether the University of Puerto Rico has authority to require a higher grade index for admission to said institution than the grade index required by the Department of Education for graduation of high school" and, based on § 17 of the Organic Act,[2] it decided that this Section authorizes the Commissioner of Education to superintend public instruction throughout Puerto Rico and prepare all courses of study and, therefore, ". . . any regulation contrary to the rules approved by the Commissioner of Education shall be understood as unconstitutional," for "If the Board of Trustees of the University of Puerto Rico were permitted to require higher requirements for admission to said institution than those *indirectly* required by the Department of Education, it would be tantamount to vesting the Board of Trustees with sufficient power to annul the organic powers of the Commissioner of Education of Puerto Rico." (Italics ours.)

The gist of the question in this case consists precisely in the fact that accepting, without deciding, that the words "public instruction," used in § 17 of our Organic Act, the "supervision" of which is placed in the hands of the Commissioner of Education, include, besides elementary and high school instruction, university instruction, there is nothing in the pleadings or the evidence which tends to show or actually shows that the Commissioner of Education has affirmatively

---

[2] This Section provides:

"That the commissioner of education shall superintend public instruction throughout Porto Rico; all proposed disbursements on account thereof must be approved by him, and all courses of study shall be prepared by him, subject to disapproval by the governor if he desires to act. He shall prepare rules governing the selection of teachers, and appointments of teachers by local school boards shall be subject to his approval, and he shall perform such other duties, not inconsistent with this Act, as may be prescribed by law."

established the minimum requirements for a student to be admitted in the University of Puerto Rico. If anything, what the Commissioner did "indirectly" (using the word of the lower court) was to approve, as Chairman of the extinct Board of Trustees and of the Superior Educational Council, the requirements established by the first of these boards.

But there is no need to enter into a consideration of the problem as the same was raised by the petitioner and decided by the lower court, precisely because the Commissioner of Education is the one called upon, if he believed the University Board had assumed powers beyond its province, to approve the regulation which in his opinion should be applied to the University and if the latter rejected it, the question could then be brought to the courts. In other words, we merely decide that the petitioner, as potential student of the University of Puerto Rico, is not the one called upon to raise the issue of the legality of a regulation of the University for an alleged violation of the Organic Act as to the power granted by § 17 to the Commissioner of Education to supervise the public instruction in Puerto Rico, in the absence of an allegation in his petition that said regulation was repudiated by the Commissioner of Education in establishing one in conflict therewith. The granting of a high school diploma to the petitioner by the Department of Education is not equivalent to establishing, "indirectly," requirements for his admission to the University, as was decided by the lower court. The granting of this diploma merely establishes that the petitioner has completed a certain high school course but it may not be *per se* sufficient to authorize him to continue his studies in the university, either because of some regulation of the university or of the Commissioner of Education himself. There is no merit in the statement that to graduate a student from high school with an index lower than that required for admission to the university "is an idle act, a waste of time for the student, and a loss of

money for the People," inasmuch as the statement itself shows the weakness of such argument. To study in a high school is never an idle act nor a waste of time and the Government is bound to make, within certain limitations, such expenses. What has been repeatedly held is that a university is not part of the public school system of the state.[3]

However, we do not wish to advance any opinion as to whether the meaning of "public instruction" used in § 17, *supra,* includes university instruction.

Since it does not appear from the allegations of the petition that the respondent, as Secretary Registrar of the College of Agricultural and Mechanic Arts of Puerto Rico, is bound by law to register the petitioner, and since on the other hand it appears that he merely complied with the regulations prevailing in said institution, the petition, in our opinion, does not state facts sufficient to constitute a cause of action, and consequently the judgment is reversed and the petition denied.

---

[3] *Regents of University* v. *Board of Education,* 20 Okla. 809, 95 P. 429: *In re Opinion of the Justices,* 102 N. E. 464; *Pollitt* v. *Lewis,* 269 Ky. 680, 108 S. W. (2d) 671.